THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**IN ADMIRALTY**

IN THE MATTER OF:

THE COMPLAINT OF DAVID BRIER, AS OWNER OF THE 2022 HURRICANE 185 SUNDECK SPORT (HIN: GDY64561L122), IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,

CASE NO.:

    Petitioner.

_____/

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner, DAVID L. BRIER ("Petitioner"), as Owner of the 2022 Hurricane 185 Sundeck Sport bearing Hull Identification Number (HIN) GDY64561L122 (the "Vessel"), pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C §§ 30501, *et. seq.* (the "Act") and Supplement Rule F of the Federal Rules of Civil Procedure, files his Complaint for Exoneration from or Limitation of Liability, and alleges as follows:

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Supplemental Rule 9(h).

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C §30501, *et seq.*

3. At all times material hereto, Petitioner was the owner of the Vessel.

4. This Complaint is filed within six (6) months of Petitioner's receipt of first "written notice of a claim" against him, as contemplated by the Act, arising from the subject voyage and subject to limitation of liability.

5. Venue is proper pursuant to Supplemental Rule F(9) because Petitioner has not been sued with respect to the Incident, the Vessel has not been attached or arrested and the Petitioner does not know the current location of the Vessel.

6. During the subject voyage, a collision occurred between the Vessel and another boat on or around August 6, 2023, on navigable waters in Seminole County, Florida (the "Incident"). The Petitioner was not onboard the Vessel during the voyage.

7. At all times material hereto, the Vessel was seaworthy, properly and efficiently supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the use for which it was engaged.

8. The Incident and any ensuing property loss, damages, personal injury and/or casualty were not caused by Petitioner's fault, or any person for whose actions Petitioner is responsible. Neither Petitioner nor the Vessel are liable to any extent, and Petitioner is entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

9. Alternatively, and without admitting liability, Petitioner alleges that in the event he or the Vessel should be held at fault to any parties by reason of the Incident set forth above, Petitioner claims such fault was occasioned and occurred without the privity or knowledge of Petitioner or any persons whose actions Petitioner is responsible, at or before the Incident.

10. The Vessel was declared a total loss after the Incident. There was no pending freight. *See* the Vessel's salvage documentation, attached hereto as **Exhibit "A,"** showing the post-casualty value of $0.00.

11. Subject to an express reservation of rights, Petitioner files contemporaneously herewith an *Ad Interim* Stipulation for Costs and Value in the appropriate form, offering stipulation of the Vessel's post-casualty value in the amount of $0.00.

12. Should the Court require it, Petitioner is prepared to give bond, stipulation, or other approved security for any amount for costs or value as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner respectfully requests:

a. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which

Petitioner seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Petitioner's attorneys a copy thereof, on or before the date specified in the notice;

b. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue an injunction, per Supplemental Rule F(3), restraining the commencement or prosecution of any action or proceeding of any kind against Petitioner, his interests, or any of his property with respect to any claim for which Petitioner seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incident described in the Complaint;

c. If any claimant who filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein, and the amount of the *Ad Interim* Stipulation for Costs and Value, this Court shall order an appraisement of the value of the Vessel following the loss, the value of Petitioner's interest therein and pending freight, if any, per Supplemental Rule F(7), and enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, if any;

d. This Court adjudge Petitioner and the Vessel not liable whatsoever for any losses, damages, injuries or destruction, or for any claim whatsoever done,

occasioned or incurred as the result of the Incident; or, in the alternative, if the Court should adjudge that Petitioner is liable in any amount whatsoever, that said liability may be limited to the value of Petitioner's interest in the Vessel, and may be derived pro rata among such claimants; and that a judgment be entered discharging Petitioner and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioner or its property as result of or in connection with the Incident; and

e. This Court grant Petitioner such other and further relief that justice may require.

Dated: February 6, 2024.            Respectfully submitted,

*/s/ Samantha K. Pearce*
**JULES V. MASSEE,** FBN: 41554
jmassee@hamiltonmillerlaw.com
**SAMANTHA K. PEARCE,** FBN: 1013550
spearce@hamiltonmillerlaw.com
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**SERVICE E-MAIL**:
JVMserve@hamiltonmillerlaw.com
Tel: 813-223-1900 / Fax: 813-223-1933
*Counsel for Petitioner David Brier, as Owner of the 2022 Hurricane 185 Sundeck Sport*