# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DAVID BRIER,**

        **Petitioner,**

v.                                            Case No: 6:24-cv-268-ACC-DCI

**UNKNOWN POTENTIAL CLAIMANT(S),**

        **Claimant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Petitioner's Motion for Entry of Final Default Judgment Against All Non-Appearing Potential Claimants (Doc. 15)** |
| **FILED:** | April 25, 2024 |
| | **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. |

### I.  Background

On February 6, 2024, David Brier (Petitioner) filed a verified petition for exoneration from or limitation of liability, pursuant to Rule F, Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. Doc. 1 (the Petition). Petitioner seeks exoneration from or limitation of liability for all losses, damages, deaths, injuries, and destruction alleged to have occurred as a result of an incident that occurred on or about August 6, 2023. *Id.*

On February 13, 2024, the Court entered an Order Approving Ad Interim Stipulation and directed the Clerk to issue the Notice of Monition. Doc. 9. The Order provided, in relevant part,

that anyone claiming damage as a result of the accident giving rise to this action must file their claims with the Clerk and serve Petitioner's attorney with a copy thereof on or before April 8, 2024. *Id.* at 2.

On April 2, 2024, Petitioner filed a notice stating that he complied with the Court's Order by publishing the Notice of Monition in the Orlando Sentinel for four consecutive weeks (March 9, 2024, March 16, 2024, March 23, 2024, and March 30, 2024). Doc. 11 (proof of publication).

On April 23, 2024, Petitioner requested entry of default against "all non-filing parties having an interest in this matter[.]" Doc. 12 at 2. That same day, the Court directed the Clerk to enter default against All Non-Appearing Potential Claimants. Doc. 13. The next day, the Clerk entered default. Doc. 14.

Petitioner now moves for final default judgment against all potential claimants who have not filed answers or claims in this case. Doc. 15 (the Motion).

## II.  Legal Standard

In an action to exonerate or limit liability from claims arising out of maritime accidents, an owner may follow the procedure set forth in Supplemental Rule F(1) by filing a complaint and providing security. Fed.R.Civ.P. Supp. R. F(1).

> Upon the owner's compliance with subdivision (1) . . . the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. **The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.** In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Fed.R.Civ.P. Supp. R. F(4) (emphasis added). "Claims shall be filed and served on or before the date specified in the notice . . ." *Id.* at F(5). A default judgment may be entered against any potential claimant who fails to respond to the public notice within the established notice period so long as petitioner has complied with the requirements of Supplemental Rule F(4). *In re Ruth*, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted by* 2016 WL 4667385 (Sept. 7, 2016); *In re Mann*, 2017 WL 11113423, at *2 (M.D. Fla. May 4, 2017).

### III.     Discussion

Petitioner has not shown that he fulfilled all of his obligations under Supplemental Rule F. While Petitioner published the Notice of Monition in accordance with the Court's Order (Doc. 11), Petitioner has not shown that he mailed a copy of the Notice of Monition "to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." *See Complaint of King Maritime & Equipment LLC*, 2020 WL 9454946, at *1 n.1 (M.D. Fla. Mar. 31, 2020) (acknowledging that the court denied a previous motion for default judgment because the petitioner had not shown it mailed a copy of the Notice of Monition in accordance with Supplemental Rule F). Accordingly, Petitioner has not fully complied with Supplemental Rule F(4).[1] The Motion will therefore be denied without prejudice. If Petitioner files a renewed motion for default judgment, then it must include evidence demonstrating that he complied with the mailing requirement in Supplemental Rule F(4).

---

[1] Additionally, the Court's Order also provided that "Petitioner, no later than the second day of publication of the notice ordered herein, shall mail a copy of the notice to every person or entity known to have made a claim against Petitioner or the vessel arising out of the incident more fully described in the Petition." Doc. 9 at 3. Therefore, Petitioner has seemingly not complied with Supplemental Rule F(4), nor the Court's Order.

### IV. Conclusion

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 15) is **DENIED without prejudice**;

2. **On or before May 31, 2024**, Petitioner shall file a renewed motion for default judgment that addresses the issues raised in this Order;

3. **The failure to file a renewed motion for default judgment in the time provided may result in this case being dismissed without further warning**.

**ORDERED** in Orlando, Florida on May 15, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party